IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANN CLARK | ) | |
| | ) | |
| v. | ) | 3-08-CV-722-O |
| | ) | |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice | ) | |
| Correctional Institutions Division | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a State inmate pursuant to 28 U.S.C. § 2254.

**Parties**: Petitioner is an inmate confined at the Hobby Unit of the Texas Department of Criminal Justice, Correctional Institutions Division at Marlin, Texas.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of the Case**: Clark was charged for the offense of murder in the indictment returned in Cause No. F-00-22003-PR. While the case was pending in the 265th Judicial District Court of Dallas County, Texas, proceeding *pro se* she removed the case to the Northern District of Texas pursuant to 28 U.S.C. § 1443(c). Upon her plea of not guilty she was tried by a jury which returned a verdict of guilty on February 7, 2003, and assessed her punishment at a term of fifteen years imprisonment. On the same date the trial court signed the written judgment. On February 11,

2003, the federal court remanded the criminal case to the state court in which Petitioner was tried and convicted.[1]

Clark appealed her conviction and on February 17, 2005, the Eighth Court of Appeals reformed the judgment to reflect the date of February 11, 2003, and affirmed her conviction. Her petition for discretionary review was refused by the Texas Court of Criminal Appeals on November 2, 2005. Petitioner has filed two applications for habeas corpus relief pursuant to art. 11.07, Texas Code of Criminal Procedure. Her initial application was dismissed on November 21, 2007, as being non-compliant with Texas Rule of Appellate Procedure 73.1 and her second application was denied without written order on the finding of the trial court without a hearing on March 12, 2008.

In response to this court's show cause order Respondent filed an answer together with copies of Clark's prior state proceedings. Clark in turn filed a reply on August 19, 2008.

**Findings and Conclusions**: In his answer Quarterman contends that merits review of the grounds presented is barred by limitations. It is undisputed that Clark's conviction became final on January 31, 2006, the last day on which she could have filed a petition for writ of certiorari in the United States Supreme Court. Sup. Ct. Rule 13.

Respondent initially contends that merits review of the petition is time barred. Specifically he asserts that her first art. 11.07 application did not toll the one-year limitation period because it was not "properly filed." *See* § 2244(d)(1).

As of November 21, 2006, the date on which Petitioner filed her first art. 11.07 application, 295 days of the one-year period had elapsed. Although it was not dismissed as non-compliant by

---

[1] As reflected in Respondent's answer Clark filed additional habeas corpus proceedings in this court, none of which is relevant to the disposition of the present petition.

the Court of Criminal Appeals until November 21, 2007, because it did not comply with the requirements of Rule. 73.1, Texas Rules of Appellate Procedure, Quarterman argues that running of the limitations period was not tolled pursuant to § 2244(d)(2). It is well settled that to be "properly filed" a state petition for habeas corpus relief must comply with the "applicable laws and rules governing filings." *See Artuz v. Bennett,* 531 U.S. 4, 8, 121 S.Ct. 361 (2000); *Larry v. Dretke*, 361 F.3d 890, 894-95 (2004).

Rule 73.1 requires that applications for habeas relief be filed on the form prescribed by the Court of Criminal Appeals, that the application specify all grounds for relief and set forth in summary fashion the facts supporting each ground[2] and that the application be verified. *See* Rule 73.1(a), (c) and (d). The terse disposition of Clark's first application gives no explanation as to why it was non-compliant. As noted in her reply, Clark asserts that her application did contain facts in support of her grounds. An examination of the application confirms that statement. *See* Application No. WR-68,834-01, at 007 in which the basis for each ground is stated. Rather than attempting to amplify the facts on the limited space provided on the prescribed form, she, through her attorney, chose to expand the relevant context and cite applicable law in her memorandum filed with her application. I find it pertinent in deciding whether to apply equitable tolling to this time period the fact that neither the Dallas District Attorney's office nor the state trial court perceived a violation of Rule 73.1.[3] Although this court is not empowered to second-guess the dismissal of the application

---

[2]Rule 73.1(c) expressly prohibits case citations or other law in the application, but permits submission of legal citations and arguments in a separate memorandum.

[3]I am aware that the "mistaken belief" of the trial court in *Larry v. Dretke, supra,* that the subject application was "properly filed" did not make it so. However, in that case the application was filed prior to the date on which the state appellate court issued its mandate, which was - under then clearly established state law - a prerequisite for finality pursuant to art. 11.07. *See Ex*

3

as non-compliant, whether such is a correct assessment is largely, if not entirely, in the eye of the beholder. The member of the Court of Criminal Appeals who saw it differently than the district attorney and the state district court is not identified, but under the circumstances[4] I find that Clark is entitled to equitable tolling for the period from November 21, 2006 until November 21, 2007.

Clark's attorney filed a second art. 11.07 application on December 6, 2007.[5] As related by counsel in her reply, on January 10, 2008, he was informed by the clerk's staff that the originals of the December 6, 2007, submission had been lost. On the same date the application was re-filed. *See* WR-68,834-02 at 002. A period of 15 days elapsed between the date on which her first application was dismissed and December 6, 2007. However, she argues that she is entitled to equitable tolling from December 6, 2007 until January 10, 2008. Respondent questioned whether a second application was filed prior to January 2008 but has not sought to respond further after Clark submitted the documents file- stamped on December 6, 2007, by the Dallas County District Clerk. While it highly unusual for a clerk's office to lose pleadings filed of record, Clark and her attorney acted in good faith and with diligence in the belief that the December 6th pleadings had been filed thus tolling the running of the limitation period. *See* § 2244(d)(2). I agree that the time between December 6, 2007, and January 10, 2008, should be tolled as well.

When equitable tolling is applied to the period from November 21, 2006 until November 21,

---

*Parte Johnson* 12 S.W.3d 472, 473 (Tex.Crim.App. 2000).

[4]It is unclear from the record why the state district clerk did not transmit the habeas corpus record including the trial court's findings and order signed on July 30, 2007, to the court of Criminal Appeals until November 9, 2007.

[5]In her reply filed on August 19, 2008, Clark attaches a file-stamped copy of her second application with an accompanying memorandum. *See* Attachments B and C. A comparison of these documents to those appearing in her application docketed as WR-68,834-02 at 002-105 reflects that they are identical except for the file-stamped dates.

2007, and to the period from December 6, 2007 to January 10, 2008, Clark's petition filed on April 28, 2008, in this court was less than one-year from the date on which her conviction became final and therefore Quarterman's request that the petition be dismissed as time-barred should be denied.

Before addressing the merits of the grounds presented to the Court of Criminal Appeals, Petitioner claims that the deferential standards of review prescribed by the AEDPA in 28 U.S.C. § 2254(d) are unconstitutional. (Pet's Reply at 4-10). Relying on *Marbury v. Madison,* 5 U.S. (1 Cranch) 137, 2 L.Ed. 60 (1803), and *United States v. Klein*, 80 U.S. (13 Wall.), 128 (1872), Clark maintains that § 2254(d) violates the doctrine of separation of powers, and requests that her constitutional claims be reviewed de novo.[6]

Petitioner's argument is unavailing. The Fifth Circuit has unambiguously concluded that the AEDPA is constitutional. *See, e.g., Tucker v. Johnson,* 242 F.3d 617, 620 (5th Cir. 2001) (addressing Article III concerns); *Hughes v. Johnson,* 191 F.3d 607, 612 (5th Cir. 1999) (addressing Supremacy Clause questions); *Corwin v. Johnson,* 150 F.3d 467, 472 (5th Cir. 1998) (same); *see also Mitchell v. Johnson*, 2001 WL 360655, *2-4 (5th Cir. 2001) (unpublished per curiam) (addressing separation of powers doctrine issue).[7] Other circuit courts have also concluded that the

---

[6] 28 U.S.C. § 2254(d) reads in part as follows:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States ....

[7] Although the issue in *Corwin* and *Hughes* focused on whether § 2254(d) was unconstitutional because it violated the Supremacy Clause, the Fifth Circuit also determined that

5

AEDPA's standard of review does not offend the constitutional principle of separation of powers. *Duhaime v. Ducharme,* 200 F.3d 597, 601 (9th Cir. 2000); *Green v. French,* 143 F.3d 865, 874-76 (4th Cir. 1998); *Lindh v. Murphy,* 96 F.3d 856, 867-68 (7th Cir. 1996), *rev'd on other grounds* 521 U.S. 320 (1997).

In addition, in *Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495 (2000), the Supreme Court rejected a construction of § 2254(d) that "would wrongly require the federal courts, including this court, to defer to state judges' interpretations of federal law," *id.* at 377, and which the Court suggested might present separation of powers problems, *id.* at 378-79. The Court in *Williams* went on to articulate the proper interpretation of § 2254(d) which did not present such problems. With respect to the "unreasonable application" clause, the Court recognized that federal courts perform only a limited review function under the AEDPA, since they may grant the writ only when the state court's decision is unreasonable. *id.* at 410-413. While the Supreme Court in *Williams* did not specifically rule on the constitutionality of § 2254(d), its holding is clearly "an implicit acknowledgment that § 2254(d) is constitutional." *Mitchell*, 2001 WL 360655, *3. Therefore, the court will apply the AEDPA standard of review to Petitioner's claims.

In her first ground for relief Clark claims that the Texas court lacked jurisdiction to enter a judgment because the case had been removed to federal court. *See* Petitioner's Memorandum at third page and at thirteenth to seventeenth pages. She asserted that the judgment of the state trial court was void as a point of error in her direct appeal. *See* Appellant's brief, No. 08-03-00154-CR,

---

federal judiciary's review powers were not being unconstitutionally circumscribed and de novo review should not apply. Moreover, while *Corwin* and *Hughes* cite *Drinkard,* the portions of *Corwin* and *Hughes* that are pertinent to constitutional argument at issue do not turn on the analysis in *Drinkard*, which the Supreme Court rejected in *Williams.*

6

Point of Error No. 1. In addressing this issue the Eighth Court of Appeals agreed that the state trial court's judgment was filed prior to the date on which the United States district court remanded her removed case to the state court. However, the appellate court found that it had the power (jurisdiction) to modify judgments and it therefore reformed the trial court judgment to reflect the correct date of February 11, 2003 - the date of the federal court's order of remand - and overruled Petitioner's first point of error. *See* No. WR-68,834-02, unpublished opinion of the Eighth Court of Appeals dated February 17, 2005 at 119-120 and 127. Clark presented the same issue in her petition for discretionary review which the Court of Criminal Appeals refused.

Although she argues in the instant petition that the action of the Eighth Court of Appeals in reforming the judgment violated her federal constitutional right to due process, *see* memorandum at the thirteenth page, conspicuous by its absence in both her direct appeal brief and her petition for discretionary review is any claim that a federally protected right was violated.[8] Therefore, it is clear that she has failed to exhaust state remedies on this ground. However, a federal court may deny relief on an unexhausted claim. *See* § 2254(b)(2).

All of the cases cited by Petitioner in support of this ground involve issues of Texas state law and therefore fail to raise a cognizable federal claim for relief. Moreover, she has failed to identify any decision of the United States Supreme Court which limits or applies to state courts' jurisdiction to modify or reform state law criminal convictions.

In her second ground for relief Clark claims that she received ineffective assistance of counsel by reason of her trial attorney's failure to subpoena Kathy DeLe Marre as a trial witness.

---

[8]The contents of pages 8 through 11 of her petition for discretionary review are repeated *verbatim* at the fourteenth through seventeenth pages of her § 2254 memorandum.

Ineffective assistance of counsel claims are governed by the two prong test set out in the Supreme Court's decision in *Strickland v. Washington,* 466 U.S. 668 (1984) requiring that a habeas petitioner establish (1) that the attorney's conduct fell below an objective standard of reasonableness required of counsel under the Sixth Amendment and (2) that but for the attorney's constitutionally deficient representation there is a reasonable probability that the result would have been different. *Id.* at 688 and 692.

There is no dispute about the fact that Ms. DeLa Marre was present at the time that Clark shot and killed the decedent, Michael Hayes. It is also uncontroverted that De La Marre provided a videotaped statement to officers of the Farmers Branch Police Department on the same day as the shooting.[9] Finally, it is an established fact that Ms. DeLa Marre was indicted separately for the murder of Hayes and that the indictment was outstanding at the time Clark's case went to trial.

In response to the ineffective assistance of counsel issue raised in her art. 11.07 application the state trial court obtained affidavits from Daniel K. Hagood, the attorney who formerly represented Ms. DeLa Marre and from Kathy DeLa Marre herself. *See* Application No. WR-68,834-02 at 139 and 140. The trial court also considered the statements of Clark's trial attorney, Tom Cox, made at the conclusion of the criminal trial, in which he noted that Ms. DeLa Marre was unavailable as a witness on Petitioner's behalf because her attorney, Mr. Hagood, had advised that she would assert a Fifth Amendment privilege against self-incrimination, were she called. *See* No. F-00-22003-R, Reporter's Record, Vol. 9 at 48-49.

In his findings of fact and conclusions of law the presiding judge of the trial court found *inter*

---

[9] The contents of the statement are summarized on the ninth and tenth pages of Petitioner's memorandum.

*alia* that Mr. Cox had a reasonable belief that Ms. DeLa Marre would assert her Fifth Amendment privilege if called as a witness by the defense, observing that she continued to assert the privilege in her affidavit signed on June 18, 2007, and that Cox was not ineffective in failing to call her to the stand in order to require her to claim the privilege. The court further found that absent a showing that DeLa Marre was willing to testify on behalf of Clark that Clark could not establish the second prong of the *Strickland* test, to wit: "prejudice." *See* Findings of Fact at pages 2-4, (WR-68,834-02 at 132-134).

Although a claim of ineffective assistance of counsel is governed by the *Strickland* decision, that is, "clearly established Federal law, as determined by the Supreme Court of the United States," Petitioner's argument in support of this ground is focused on the Supreme Court's decision in *Hoffman v. United States*, 341 U.S. 479 (1951) and its progeny. *Hoffman* teaches that the question of whether a claim of the privilege against self-incrimination is justified is for a judge to decide, rather than the person asserting it. It necessarily follows that a person is not entitled to assert a blanket claim of privilege when called as a witness, which requires a question by question assessment. When a witness possesses a valid Fifth Amendment privilege, this protection trumps a criminal defendant's Sixth Amendment right to compulsory process to obtain favorable testimony. *See e.g. United States v. Goodwin,* 625 F.2d 693, 700 (5th Cir. 1980). On the other hand, the Fifth Circuit has held that if the trial court does not conduct a question by question analysis or incorrectly determines that the witness had a valid Fifth Amendment privilege barring the witness's testimony, reversal of the criminal defendant's conviction is warranted. *Id.* at 701.

It is *undisputed* that the state judge did not conduct the inquiry required by *Hoffman* with respect to whether Ms. DeLa Marre had a Fifth Amendment privilege which foreclosed Clark's right

9

to call her as a witness. However, this fact is irrelevant to the question of whether Cox's decision not to require Ms. DeLa Marre to assert a claim of privilege in court fell beyond the pale of a defendant's right to counsel under the Sixth Amendment as set forth in *Strickland v. Washington.*

As made abundantly clear in *Strickland,* Clark must overcome a strong presumption that Cox's decision fell within the wide range of reasonable professional assistance. 466 U.S. at 689. Further, in assessing an attorney's performance, a court must make "every effort to ... eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.*

Clark presented nothing in her art. 11.07 application controverting Cox's representation to the presiding trial judge that he was informed by Mr. Hagood that DeLa Marre would assert a Fifth Amendment privilege claim as his reason for not attempting to call her as a witness.

In *Grayson v. State,* 684 S.W.2d 691, 696-97 (Tex.Crim.App. 1984) the Court of Criminal Appeals upheld the trial court's ruling allowing an indicted person to assert a Fifth Amendment privilege. In applying the Supreme Court's *Hoffman* decision the court stated:

> "The indictment against [the witness] rose out of a drug raid in which two police officers were shot, a number of suspects arrested, and weapons and drugs confiscated (the same transaction that gave rise to the instant prosecution). In light of these circumstances, we do not find it "perfectly clear" that the answers demanded of the witness - and the consequent cross examination - could not possible tend to incriminate her of the indicted offense ..."

*Accord: See United States v. Hernandez,* 962 F.2d 1152 (5th Cir. 1992) (co-defendant who pleaded guilty but had not yet been sentenced had a valid Fifth Amendment privilege). In *Grayson* the witness's claim of privilege was upheld even though she was charged by indictment with a drug offense rather than attempted capital murder as was the defendant. In the present case DeLa Marre was charged with the same offense as Clark, i.e. the murder of Michael Hays. Mr. Cox could have

10

reasonably concluded that the trial judge would have applied the Court of Criminal Appeals' opinion in *Grayson* to Ms. DeLa Marre, thus rendering calling her as a witness a futile exercise.

Moreover, in light of Ms. DeLa Marre's continued exercise of her right against self-incrimination Petitioner cannot satisfy the requirement of demonstrating that she would have testified at trial. *Alexander v. McCotter,* 775 F.2d 595, 602 (5th Cir. 1985).[10]

Based upon the trial court's finding that Cox was not ineffective in failing to call Ms. DeLa Marre as a witness, No. WR-68,834-02 at 133, the Court of Criminal Appeals denied relief on this ground. The magistrate judge agrees with this determination. However, under the AEDPA even were the federal court to disagree with its decision, relief is barred absent a showing that the decision constituted an unreasonable application of *Strickland v. Washington. See e.g. Yarborough v. Gentry*, 540 U.S. 1, 124 S.Ct. 1 (2003).

In her third ground for relief Petitioner claims that the state obtained an indictment against Kathy LeLa Marre for murder in order to preclude her from testifying favorably on her behalf. The only Supreme Court case which she cites in support of this claim is *Webb v. Texas*, 409 U.S. 95, 93 S.Ct. 351 (1972). As distinguished from Clark's argument which is predicated wholly on inferences which she draws based upon the extended inactivity in DeLa Marre's indictment and the fact that the indictment was dismissed shortly after Clark was convicted and sentenced, in *Webb* before the only witness called by the defendant could testify the trial judge *sua sponte* told the individual that if he testified "the Court will personally see that your case goes to the grand jury and you will be

---

[10]Clark suggests that with the subsequent dismissal of the indictment, DeLa Marre can no longer assert a viable Fifth Amendment privilege claim. However, given that there is no statute of limitations for murder and that jeopardy did not attach with the dismissal of her indictment in No. F-00-22004-PR, her privilege against self-incrimination remains intact. *See* Art. 12.01, Felonies (1)(A), Tex.C.Crim.P.; *Todd v. State,* 601 S.W.2d 718, 720-21 (Tex.Crim.App. 1980).

11

indicted [and you will likely] get convicted of perjury and [it] would be stacked onto what you have already got." 409 U.S. at 95-96, 93 S.Ct. 351. Finding that the *comments* of the trial judge dissuaded the willing witness from testifying on the defendant's behalf, the Supreme Court found that "[i]n the circumstances of this case ... the judge's *threatening remarks*, directed only at the single witness for the defense, effectively drove that witness off the stand, and thus deprived the petitioner of due process of law under the Fourteenth Amendment." *Id.* Emphasis added.

Succinctly stated, the Supreme Court has never held that the obtaining of an indictment against a person who was present at the scene of a crime, but who gave a statement favorable to another indicted person deprives the latter of due process when the former asserts a Fifth Amendment privilege. Therefore, I am of the opinion that this ground fails to raise a colorable violation of "clearly established Federal law, as determined by the Supreme Court of the United states."

Alternatively, Clark cannot satisfy either § 2254(d)(1) or (d)(2) with respect to the Texas courts' decision denying relief on the merits.

Although it is clear that Clark admitted firing the shot that killed Hayes, the government had evidence which implicated DeLa Marre as a principal as well. Shortly after Clark's release from jail she met with Doyle Jennings and related to him the events which led up toe the shooting death of Hayes. Jennings was called as a witness by the prosecution. In his testimony he reiterated information which he provided to the Farmers Branch police on August 14, 2000. *See* Direct examination of Doyle Jennings at Reporter's Record Vol. 6 at 15-30. This information in the government's possession at the time the murder indictment against DeLa Marre was returned was sufficient to establish probable cause.

12

In addressing this ground in her art. 11.07 application the state district court found that the prosecutor, Heath Hyde, and DeLa Marre's attorney, Dan Hagood, were credible and that their respective affidavits were worthy of belief. The court found that Clark was tried first because she was the primary actor in the murder of Hayes. The judge also found that Kathy DeLa Marre was not indicted to keep her from testifying at Petitioner's trial and that there was no evidence of prosecutorial misconduct in the handling of her case. No. WR-68,834-02 at 134-135.[11] Therefore, relief on her third ground should be denied.

In her fourth and final ground for relief Clark claims that Mr. Cox rendered ineffective assistance of counsel in failing to file a motion for new trial after the murder indictment against Kathy DeLa Marre was dismissed. Her argument is based on the faulty premise that Ms. DeLa Marre no longer has a valid Fifth Amendment privilege against self-incrimination and therefore could be compelled to testify. However, because there is no limitation period for the offense of murder, *see* n. 6, *supra,* the witness could not be compelled to testify. In addition, aside from the fact that ms. DeLa Marre continues to assert a Fifth Amendment privilege claim, *See* No.WR-68,834-02

---

[11]Clark argues that because she was not afforded a live hearing in her state habeas application, the state court findings predicated on affidavits are "unreasonable" and therefore are not entitled to a presumption of correctness pursuant to § 2254(e)(1). *See* Petitioner's memo at fifth and sixth pages. The Fifth Circuit has long recognized that a full and fair hearing in state court does not necessarily mean a live hearing and that the presumption of correctness may be applied when the state court relief on affidavits in making its findings of fact. *See e.g. Armstead v. Scott,* 37 F.3d 202, 207 (5th Cir. 1994) cert. denied 514 U.S. 1071, 115 S.Ct. 1709 (1995). The fact that the state habeas judge was not the judge who presided at the applicant's trial is only one factor in pre-AEDPA cases in determining whether the presumption of correctness applies, absent "clear and convincing evidence" to the contrary.

As to those cases to which the AEDPA applies the Fifth Circuit has held a full and fair hearing is not a precondition to the § 2254(e)(1) presumption of correctness. *See e.g. Morrow v. Dretke,* 367 F.3d 309, 315 (5th Cir) cert. denied 543 U.S. 951, 125 S.Ct. 375 (2004) (citing *Valdez v. Cockrell*, 274 F.3d 941, 950-51 (5th Cir. 2001) cert. denied 537 U.S. 883, 123 S.Ct. 106 (2002).

at 140, Petitioner has not demonstrated that the witness, if placed under oath, would testify in her favor, establishing a reasonable probability that the result would have been different, that is, that she would have been found not guilty of murder.

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the District Court equitably toll the one-year limitation period and deny Respondent's motion to dismiss, and that upon reviewing the grounds presented that the petition be denied and dismissed.

A copy of this recommendation shall be transmitted to counsel for the parties.

SIGNED this 20th day of November, 2008.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.